[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14095
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 1, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00173-CV-WS-C

LINDA CONE SELENSKY,

Plaintiff-Appellant,

versus

STATE OF ALABAMA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(April 1, 2009)

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Linda Cone Selensky appeals the district court's order dismissing her pro se

complaint for lack of subject matter jurisdiction, and, alternatively, as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). Because we find that Selensky's claims are barred by the Eleventh Amendment of the U.S. Constitution, we affirm.[1]

Selensky's present suit names the State of Alabama as the sole defendant. The Eleventh Amendment prohibits suits in federal courts against a state, except where such immunity is waived by the state or abrogated by Congress. U.S. CONST. amend. XI; see Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). The State of Alabama has not agreed to be sued under the circumstances present here. The Alabama State Constitution provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." ALA. CONST. Art. I, § 14; see also Alabama v. Pugh, 439 U.S. 781, 782 (1978). Selensky has presented no evidence that Congress abrogated Alabama's Eleventh Amendment immunity over her present claims. Accordingly, we **AFFIRM** the district court's dismissal of this action.

_____

[1] We may affirm the district court's judgment on any ground that appears in the record, see Thomas v. Cooper Lighting, Inc., 506 F.3d 1361, 1364 (11th Cir. 2007); we note, however, that the magistrate judge recommended dismissal for the reasons later adopted by the district court as well as on grounds of Eleventh Amendment immunity.